MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
Richard A. Westmoreland, Bar No. 347917
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501
jennifer.zargarof@morganlewis.com
richard.westmoreland@morganlewis.com

Attorneys for Defendants
GARFIELD BEACH CVS, L.L.C. and
CVS PHARMACY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNNIA MENDEZ, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GARFIELD BEACH CVS, L.L.C.; 1085 GARFIELD BEACH CVS, L.L.C.; CVS PHARMACY, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-7761<br><br>[Los Angeles County Superior Court Case No. 26STCV18095]<br><br>**NOTICE OF REMOVAL OF DEFENDANTS GARFIELD BEACH CVS, L.L.C. AND CVS PHARMACY, INC.**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Complaint Filed: June 8, 2026 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Garfield Beach CVS, L.L.C. and CVS Pharmacy, Inc. (together, "Defendants")[1] hereby remove the state court action captioned *Dunnia Mendez v. Garfield Beach CVS, L.L.C., et al.*, Case No. 26STCV18095 (the "State Court Action") from the Superior Court of the State of California for the County of Los Angeles to this U.S. District Court.

## I. <u>PROCEDURAL BACKGROUND</u>

1. On June 8, 2026, Plaintiff Dunnia Mendez ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles. Declaration of Richard Westmoreland ("Westmoreland Decl."), at ¶ 2.

2. On June 15, 2026, Plaintiff personally served the Summons and Complaint, along with other case-initiating documents, on Defendants. A copy of Plaintiff's Complaint and Summons, and all other process, pleadings, and orders served on Defendants are attached as **Exhibit A** to the Westmoreland Declaration.

3. Other filings by the Los Angeles Superior Court, including an Initial Status Conference Order, a related Minute Order, two Clerk's Certificates of Service, and Plaintiff's filed Proof of Service were also entered on the docket. All those items are attached as **Exhibit B** to the Westmoreland Declaration.

4. On July 14, 2026, Defendants filed their Answer to Plaintiff's Complaint in the State Court Action, a true and correct copy of which is attached as **Exhibit C** to the Westmoreland Declaration. Exhibits A, B, and C constitute all the pleadings, process, and orders in the State Court Action to Defendants' knowledge to date.

---

[1] Putative Defendant "1085 Garfield Beach CVS, L.L.C." is another name for Garfield Beach CVS, L.L.C. and is not a separate entity.

## II. THIS REMOVAL IS TIMELY

5. Plaintiff personally served Defendants with the Summons and Complaint on June 15, 2026. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint on Defendants, it is timely under 28 U.S.C. §§ 1446(b). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

6. Plaintiff seeks to bring this action as a putative class action under California Code of Civil Procedure section § 382. *See* Westmoreland Decl., Ex. A Prayer for Relief ¶ 1. Here, removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (a) the aggregate number of putative class members is 100 or greater; (b) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and (c) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendants deny Plaintiff's factual allegations and deny that Plaintiff, or the classes she purports to represent, are entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and her prayer for relief, all requirements for jurisdiction under CAFA have been met.[2] Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

### A. The Proposed Class Contains Well Over 100 Members.

7. Plaintiff asserts claims on behalf of herself and a "California Class" consisting of seven individual subclasses, which are defined as: (a) "**Minimum**

---

[2] Defendants do not concede, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendants do not concede that any of Plaintiff's allegations constitute a cause of action against them under applicable California law.

**Wage Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control"; (b) "**Overtime Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay overtime wages"; (c) "**Meal Period Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes; (d) "**Rest Period Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof"; (e) "**Indemnification Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this action

through the date notice is mailed to a certified class who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duties"; (f) "**Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements"; and (g) "**Waiting Time Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from three (3) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period." Westmoreland Decl., Ex. A ¶ 46. A review of Defendant's records shows that, based on Plaintiff's allegations and class definition, the proposed class contains well over 100 current and former employees.

**B. Minimal Diversity of Citizenship Exists Between the Parties.**

8. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that, to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

9. Here, minimal diversity exists between Plaintiff and Defendants because Plaintiff and CVS are citizens of different states.

**1. Plaintiff (and Putative Class Members) are Citizens of California.**

10. "An individual is a citizen of the state in which he is domiciled[.]" *Boon v. Allstate Ins. CO.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

11. Plaintiff avers that she "is and was a resident of California and was employed by Defendants in the State of California within the four (4) years prior to the filing of [the] Complaint." *See* Westmoreland Decl., Ex. A ¶ 3.

12. Defendants therefore believe, consistent with the above, that Plaintiff was, at the time of filing the Complaint, and remains at the time of this removal, a citizen of California.

13. Moreover, Plaintiff has brought claims on behalf of alleged putative class members who worked for Defendants in California. Westmoreland Decl., Ex. A ¶ 5. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

**2. Defendant CVS Pharmacy, Inc. is a Citizen of Rhode Island.**

14. A corporation "is a citizen of any State by which it has been incorporated and the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). CVS Pharmacy, Inc. is, and at all times relevant to this action was, a corporation organized under the laws of the State of Rhode Island with its principal place of business in the State of Rhode Island. CVS Pharmacy, Inc.'s headquarters are located in Rhode Island, its executive officers work out of the corporate offices in Rhode Island, and none of its executive officers are based in California.

15. Thus, for purposes of diversity, at all times relevant hereto, CVS Pharmacy, Inc. has been a citizen of Rhode Island, and not a citizen of California. 28 U.S.C. § 1332(c)(1).

3. **<u>The Citizenship of Fictitious "Doe" Defendants is Irrelevant for Purposes of Removal.</u>**

16. Pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded." The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

17. Because Plaintiff and CVS are not citizens of the same state, and CVS is not a citizen of California, minimal diversity of citizenship existed at the time the Complaint was filed, and minimal diversity jurisdiction exists under CAFA.

18. Moreover, because at least one putative class member is a citizen of a different state from that of one defendant, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

C. **<u>The Amount in Controversy Requirement Is Satisfied.</u>**

19. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of damages, Defendants, as the removing parties, "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

20. In determining whether the amount in controversy meets the jurisdictional threshold, courts must assume that the allegations in the complaint are

true and that a jury will return a verdict for the plaintiff on all claims. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount the plaintiff's complaint puts "in controversy," not what a defendant actually will owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (denying plaintiff's motion for remand). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id.* at 1204–05. Similarly, a removal notice "need not contain evidentiary submissions." *Dart Cherokee*, 574 U.S. at 84.

21. A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claim for damages.") (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1998 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy"). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy").

22. Although Defendants deny Plaintiff's factual allegations and deny that she or the class she seeks to represent are entitled to the relief for which Plaintiff has prayed, as detailed below, Plaintiff's allegations and prayer for relief have

"plausibly" put into controversy an amount that easily exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

**1. Demonstrating the Amount in Controversy.**

Plaintiff seeks to represent classes consisting of "[a]ll current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California" for, depending on the class described, up to four years "prior to the filing of the initial Complaint." Westmoreland Decl., Ex. A ¶ 46. Plaintiff further alleges that her claims "are typical of the claims of the class members in each of the classes" (*id.* ¶ 47) and seeks, among other things, compensatory and nominal damages, liquidated damages, indemnification, penalties, restitution, injunctive relief, and attorneys' fees, costs and interest. *See id.* ¶¶ 55, 66, 74, 82, 90, 157, 167, 171, and Prayers.

**a. Plaintiff's Seventh Cause of Action for Waiting Time Penalties Alone Puts Well Over $5,000,000 in Controversy**

23. Plaintiff alleges that she "and the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days." Westmoreland Decl., Ex. A ¶ 164. Under California Labor Code section 203, if an employer fails to pay all wages due upon termination in a timely manner, "the wages of the employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced" for up to 30 days. Cal. Lab. Code § 203.

24. Of the individuals who fall within Plaintiff's class definition, no fewer than 1,500 are former employees who separated from employment 30 or more days before the commencement of this action, *i.e.*, potentially entitled to full waiting-time penalties pursuant to Labor Code section 203. The weighted-average hourly minimum wage for the State of California during the last three (3) years is no less

than $16.00.[3] *Id.* Consequently, the amount placed in controversy by the waiting-time penalties portion alone of Plaintiff's Seventh Cause of Action can be calculated as follows:

**1,500 individuals * $16.00/hour * 8 hours * 30 days = $5.75M**

25. Thus, Plaintiff's Seventh Cause of Action alone puts over well over $5 million at issue, thereby satisfying the CAFA's amount-in-controversy requirement.

**b. Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold**

26. In addition to the foregoing amount, Plaintiff's other causes of action place yet more amounts in controversy, further demonstrating that the CAFA threshold is satisfied.

27. The "amount in controversy" includes all alleged recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347–48 (1977) (superseded by statute on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).

28. Plaintiff's numerous other causes of action all place additional amounts in controversy. Plaintiff's First Cause of Action for "Failure to Pay Wages for All Hours of Work at the Legal Minimum Wage Rate in Violation of Labor Code Sections 1194 and 1197" alleges that Defendants failed "to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class worked" and therefore "Plaintiff and the Minimum Wage Class are entitled to recover unpaid

---

[3] The weighted-average minimum hourly wage for the State of California during the limitations period serves as a conservative estimate of the average hourly rate of pay earned by the putative class members. However, Defendants regularly pay their non-exempt, hourly employees at a higher hourly rate of pay than the State of California minimum wage requirement. Nevertheless, Defendants will use the conservative estimate for the purposes of establishing the CAFA amount in controversy requirement is met.

minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs." Westmoreland Decl., Ex. A ¶¶ 53, 55.

29. Plaintiff's Second Cause of Action for "Failure to Pay Overtime Wages in Violation of Labor Code Sections 510 and 1194" alleges that Defendants "failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked" and therefore "Plaintiff and the Overtime Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorneys' fees and costs." Westmoreland Decl., Ex. A ¶¶ 61, 66.

30. Plaintiff's Third Cause of Action for "Failure to Authorize or Permit Meal Periods in Violation of Labor Code Sections 512 and 226.7" alleges that Defendants failed "to authorize or permit meal periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of work," entitling them to recover "one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally complaint meal periods." Westmoreland Decl., Ex. A ¶¶ 70, 73.

31. Plaintiff's Fourth Cause of Action for "Failure to Authorize or Permit Required Rest Periods in Violation of Labor Code Section 226.7" alleges that Defendants failed "to provide Plaintiff and the Rest Period Class with uninterrupted net ten (10) minute rest breaks for every four (4) hours worked or major fraction thereof," entitling them to recover "one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant rest periods." Westmoreland Decl., Ex. A ¶¶ 78, 81.

32. Plaintiff's Fifth Cause of Action for "Failure to Indemnify Employees for Employment-Related Losses and Expenditures in Violation of Labor Code Section 2802" alleges that Defendants "failed to indemnify employees for the necessary expenditures incurred in the discharge of their duties," entitling them to

recover "monies to compensate them for such expenditures or losses." Westmoreland Decl., Ex. A ¶ 88.

33. Plaintiff's Sixth Cause of Action for "Failure to Provide Complete and Accurate Wage Statements in Violation of Labor Code Section 226" alleges that "Defendants failed to provide accurate wage and hour statements to her and the Wage Statement Class," entitling them "to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee." Westmoreland Decl., Ex. A ¶¶ 151, 155.

34. Plaintiff's Eighth Cause of Action for "Unfair Business Practices, in Violation of Business and Professions Code sections 17200, et seq." alleges that Defendants' use of these practices provides "a competitive advantage over other comparable companies doing business in the State of California," entitling Plaintiff and the other class members to "restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices." Westmoreland Decl., Ex. A ¶¶ 169, 171.

35. Additionally, Plaintiff seeks recovery of attorneys' fees. Westmoreland Decl. Ex. A, Prayers. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). Estimated future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code § 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793–94 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper

fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795–96, n.6.

36. Defendants deny Plaintiff's claim for attorneys' fees. However, for purposes of removal, even though Defendants have already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendants note that the inclusion of future attorneys' fees would increase the amount in controversy by a material amount.

## IV. VENUE

37. This Court is the proper venue for this action under 28 U.S.C. § 1441(a). The State Court Action is pending in the County of Los Angeles, California, and the United States District Court for the Central District of California is the United States District Court that embraces the place where the State Court Action is pending.

## V. NOTICE

38. Defendants will promptly file a removal notice with the Clerk of the Superior Court of the State of California for the County of Los Angeles and will serve written notice of the same upon counsel of record for Plaintiff. 28 U.S.C. § 1446(d).

## VI. CONCLUSION

39. Based on the foregoing, Defendants respectfully request that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

//

//

//

//

Dated: July 15, 2026

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Jennifer B. Zargarof*
Jennifer B. Zargarof
Richard A. Westmoreland

*Attorneys for Defendants GARFIELD BEACH CVS, L.L.C. and CVS PHARMACY, INC.*